UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID LEE GARNER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:15-cv-1625 (SRU) |
| | : | |
| JOHN COLEN, et. al., | : | |
|     Defendants. | : | |

## RULING AND ORDER

Plaintiff David Lee Garner, currently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, has filed this action *pro se*. On November 17, 2015, leave to proceed *in forma pauperis* was granted. After careful consideration, however, the Court concludes that *in forma pauperis* status was improvidently granted. Accordingly, the order granting *in forma pauperis* status is vacated and Garner is required to tender the filing fee to proceed in this case.

The Prison Litigation Reform Act amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision of the Prison Litigation Reform Act requires the denial of the plaintiff's motion to proceed *in forma pauperis* in this case. Garner previously has had more than three cases or appeals dismissed as frivolous. *See Garner v. Supreme Court of the United States*, No. 1:13-cv-466-UNA, 2013 WL 1456425 (D.D.C. Apr. 10, 2013); *Garner v. Supreme Court of*

*United States*, 540 F. App'x 9 (D.C. Cir. 2013); *Garner v. United States District of South Carolina*, Civil Action No. 3:08-3913-TLW-JRM, 2009 WL 2192664 (D.S.C. July 21, 2009); *Garner v. United States District of South Carolina*, 357 F. App'x 519 (4th Cir. 2009); *Garner v. Supreme Court of United States*, C/A No. 3:11-2702-TLW-JRM, 2011 WL 7790900 (D.S.C. Dec. 16, 2011); *Garner v. Supreme Court of United States*, 474 F. App'x 387 (4th Cir. 2012); *Garner v. Supreme Court of United States*, C/A No. 2:14-2243-TLW-WWD (D.S.C. Nov. 6, 2014); *Garner v. Columbia Care Center*, C/A No. 3:07-3653-TLW-JRM (D.S.C. Sept. 9, 2008).

Because the three-strikes provision applies in this case, Garner may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger"). To proceed without prepayment of the filing fee, the plaintiff must meet two requirements. He must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. *See id.* at 296-97. In addition, the danger of imminent harm must be present at the time the complaint is filed. *See id.* at 296.

Garner lists various high-level officials in the federal government as defendants, including past and present directors of the FBI and CIA, the Chief Justice of the United States Supreme Court, and a former United States Attorney General. Garner alleges that the defendants, along with hundreds of other high-ranking government officials listed as affiliates in pages attached to the complaint, were part of a civil RICO conspiracy involving kidnapping, murder and extortion. He alleges no facts to support the conspiracy claims against any of the individual defendants. Garner also attaches to his complaint copies of disciplinary reports he received in

2012 and 2013. Because no employees of the Bureau of Prisons are named as defendants in this case, the Court cannot discern any reason for the inclusion of the reports. Garner alleges no facts showing that he is in danger of serious physical injury from any of the defendants. Thus, the plaintiff fails to meet the exception.

<u>Conclusion</u>

The order granting Garner's motion to proceed *in forma pauperis* [**Doc. #4**] is hereby **VACATED** and the motion to proceed *in forma pauperis* [**Doc. #2**] is **DENIED**. All further proceedings in this matter shall be held in abeyance for thirty (30) days pending Garner's delivery of the filing fee in the amount of $400.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT  06604. Failure to tender the filing fee within **thirty (30) days** from the date of this Order will result in the dismissal of this action.

**SO ORDERED** this 23rd day of November 2015, at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge